ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Cooper Tire & Rubber Company | 3:05CV7063 |
| Plaintiff, | JUDGE **JUDGE DAVID A. KATZ** |
| vs. | |
| Jason M. Shinn | **PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION WITH MEMORANDUM IN SUPPORT** |
| Defendant. | |

Pursuant to FRCP 65, Plaintiff Cooper Tire and Rubber Company ("Copper Tire") moves this Court for a temporary restraining order and a preliminary injunction against defendant Jason M. Shinn as follows:

1. Barring defendant Shinn from disclosing or in any way making public the information and legal opinions and advice of Cooper Tire that are protected by the attorney/client privilege, and as "secrets" and "confidences" of Cooper Tire, and/or protected by the work product doctrine;

2. Requiring defendant Shinn to return all copies of documents, e-mails, memorandums, and any other written materials of, relating to or pertaining to Cooper Tire that contain such information and take all necessary steps to purge such information from electronic storage; and,

3. Requiring defendant Shinn to make a full disclosure, in writing, of the identity of every person or organization with whom defendant Shinn shared Cooper Tire's attorney/client privileged information, "secrets" or "confidences," and/or work product and as to each person or organization with whom defendant Shinn made a disclosure, specifically identify the information shared.

A memorandum in support, and the Affidavits of Joseph P. Thacker, William M. Connelly and James E. Kline are attached. A proposed Temporary Restraining Order is filed herewith.

By _____
William M. Connelly (0031154)
E-mail: wconnell@cjc-law.com
Steven R. Smith (0031778)
E-mail: ssmith@cjc-law.com
Tammy G. Lavalette (0071533)
E-mail: tlavalette@cjc-law.com
CONNELLY, JACKSON & COLLIER LLP
405 Madison Avenue, Suite 1600
Toledo, Ohio 43604
Telephone: (419) 243-2100
Facsimile: (419) 243-7119

Counsel for Plaintiff Cooper Tire & Rubber Company

# MEMORANDUM IN SUPPORT

## I. FACTS

Defendant Jason M. Shinn was employed as an attorney at Cooper & Walinski, LPA ("C&W") for approximately 2 1/2 years. (Affidavit of Joseph P. Thacker attached as Exhibit A, "Thacker Aff.", ¶2). Mr. Shinn's employment at C&W ceased in approximately April 2004. (Thacker Aff., ¶14). While Mr. Shinn was employed by C&W, he performed legal services for Cooper Tire and Rubber Company ("Cooper Tire"), and acted as counsel on Cooper Tire's behalf. (Thacker Aff., ¶4). Cooper Tire was and continues to be a client of C&W. (Thacker Aff., ¶5).

As a result of this attorney/client relationship, Mr. Shinn received information of a confidential, proprietary and privileged nature that was provided to him in order for him and C&W to render legal opinions and give legal advice to Cooper Tire. (Thacker Aff., ¶6). He also rendered legal advice to Cooper Tire, and assisted C&W in rendering legal opinions and legal advice to Cooper Tire. (Thacker Aff., ¶7). Some of the information and legal advice was recorded in documents, e-mails, memorandums, and other written materials. (Thacker Aff., ¶7). Mr. Shinn was removed from Cooper Tire work on or about March 1, 2004. (Thacker Aff., ¶10). Subsequent to that removal, but while still associated with C&W, Mr. Shinn e-mailed certain attorney/client materials to his personal e-mail address. (Thacker Aff., ¶11).

On or about April 2004, Mr. Shinn left the employment of C&W. (Thacker Aff., ¶14). Recently, on or about February 10, 2005, Mr. Shinn stated his intention to resolve matters that relate or pertain in part to C&W's representation of Cooper Tire in a "public arena." (Thacker Aff., 16). This could lead to the disclosure of Cooper Tire's attorney/client privileged information, and confidences and secrets. He subsequently stated his intention to publish an

article, the subject or content of which could also lead to the disclosure of Cooper Tire's attorney/client privileged information, and confidences and secrets. (Thacker Aff., ¶15). Cooper Tire sought reassurance from Mr. Shinn that he would not disclose Cooper Tire's attorney/client privileged information and confidences and secrets. (See Affidavit of William M. Connelly attached as Exhibit B, "Connelly Aff.", ¶4). Cooper Tire also requested return of all privileged materials in the possession of Mr. Shinn. (Connelly Aff., ¶5). Cooper Tire received a response from Mr. Shinn's counsel; however, the response offered no documents and was wholly inadequate to address Cooper Tire's concerns. (Connelly Aff., ¶7)

## II. LAW AND ARGUMENT

Cooper Tire seeks a temporary restraining order, and a preliminary injunction, to prevent Mr. Shinn from violating the attorney/client privilege and work product he owes to Cooper Tire. The factors to be considered by the Court in determining whether to issue a preliminary injunction are as follows: 1) whether the applicant has demonstrated the likelihood of success on the merits; 2) whether the applicant will be irreparably injured absent an injunction; 3) whether the issuance of an injunction will substantially harm other interested parties (including defendant); and 4) whether the public interest is advanced by the issuance of the injunction. *Washington v. Reno*, 35 F.3d 1093, 1099 (6th Cir. 1994). Ohio law holds that injunctive relief is appropriate to protect the attorney/client privilege, particularly where disclosure is threatened. *American Motors Corporation v. Huffstutler*, 61 Ohio St.3d 343, 348 (1991).

There can be no doubt that Cooper Tire is entitled to the relief requested. With regard to the likelihood of Cooper Tire's success on the merits, the affidavits of Joseph P. Thacker and James E. Kline clearly establish that Mr. Shinn obtained confidential materials and information

4

of Cooper Tire protected by the attorney/client privilege during his employment with C&W. The Code of Professional Responsibility provides in pertinent part:

> *** [A] lawyer shall not knowingly:
> (1) Reveal a confidence or secret of his client.

DR 4-101(B)(1). Ohio statutory law also restricts a lawyer from testifying to matters covered by the attorney/client privilege. O.R.C. § 2317.02. Thus, Mr. Shinn is under an affirmative duty to protect the confidences and secrets of Cooper Tire. As he has no legal right to disclose such secrets and confidences, there can be no doubt that Cooper Tire will succeed on the merits of this action.

There also can be no doubt that Cooper Tire will suffer irreparable harm if the requested relief is not granted. Mr. Shinn has, in two separate communications to C&W, threatened potential disclosure of Cooper Tire's confidences and secrets protected by the attorney/client privilege and work product doctrine. The disclosure of such attorney/client information and secrets and confidences would be embarrassing or would likely be detrimental to Cooper Tire. (Affidavit of James E. Kline attached as Exhibit C, "Kline Aff.", ¶8). The disclosure of such information and legal advice would cause substantial, irreparable harm to Cooper Tire. (Kline Aff., ¶11). Indeed, Ohio law recognizes that disclosure of information covered by attorney/client privilege constitutes irreparable harm.[1] Accordingly, Cooper Tire will sustain irreparable harm if this motion is not granted.

The third prong of the test for injunctive relief asks if the issuance of an injunction will substantially injure other interested parties (including defendant). This injunction seeks only to prevent from Mr. Shinn from engaging in the disclosure of information and materials protected

---

[1] See *Bell v. Mt. Sinai Medical Center*, 67 Ohio St.3d 60, 63 (1993), observing that protection of attorney/client confidences and, particularly, attorney work product involves a "substantial right," and thus orders relating to same are immediately appealable. For an order to involve a "substantial right," irreparable harm must be threatened. *Id.* at n.2.; See also, *Oatey v. Oatey*, 83 Ohio App. 3d 251, 261 (1992).

by attorney/client privilege, an activity in which he simply has no right to engage. Further, the Ohio Supreme Court has held that an attorney has no constitutional right to disseminate information protected by attorney/client privilege. *American Motors Corporation v. Huffstutler*, 61 Ohio St.3d 343, Syllabus of the Court, ¶1 (1991). Thus, a prior restraint on such speech, where threatened, is appropriate. *Id.* at 347-348. Cooper Tire knows of no other individuals who might claim harm as a result of the relief requested. Accordingly, this prong also weighs in favor of Cooper Tire's request for injunctive relief.

Finally, the test for injunctive relief asks whether the public interest is advanced by the issuance of the injunction. "The attorney-client privilege is intended to encourage those who find themselves in actual or potential disputes to be candid with lawyers who advise them, and is one of the oldest recognized privileges protecting confidential information." *Connecticut Indemn. Co. v. Carrier Haulers, Inc.*, 197 F.R.D. 564, 571 (W.D.N.Ca. 2000), citing *Upjohn Co. v. United States*, 449 U.S. 383, 389 101 S.Ct. 677, 66 L.Ed.2d 584 (1981). Thus, the privilege performs an important and time-honored function in our judicial system, and the public interest firmly favors its protection.

### III. CONCLUSION

This Court should grant a temporary restraining order and a preliminary injunction to Plaintiff Cooper Tire. Defendant Jason Shinn threatens disclosure of confidential information and materials he obtained during his representation of Cooper Tire. As is demonstrated in this brief, Cooper Tire has a great likelihood of success on the merits, and irreparable harm will ensue if injunctive relief is not granted. Cooper Tire seeks only to bar Mr. Shinn from engaging in disclosures that he has no legal right to make, no persons will be harmed, and the public interest greatly favors protection of the attorney/client privilege. Accordingly, this Court should

grant granting a temporary restraining order and a preliminary and a permanent injunction against defendant Shinn as follows:

1. Barring defendant Shinn from disclosing or in any way making public the information and legal opinions and advice of Cooper Tire that are protected by the attorney/client privilege, the "secrets" and "confidences" of Cooper Tire, and work product belonging to Cooper Tire;

2. Requiring defendant Shinn to return all copies of documents, e-mails, memorandums, and any other written materials of, relating to or pertaining to Cooper Tire that contain such information and take all necessary steps to purge such information from electronic storage; and,

3. Requiring defendant Shinn to make a full disclosure, in writing, of the identity of every person or organization with whom defendant Shinn shared Cooper Tire's attorney/client privileged information, "secrets" or "confidences," and/or work product and as to each person or organization with whom defendant Shinn made a disclosure, specifically identify the information shared.

Respectfully submitted,

By: _____
William M. Connelly (0031154)
E-mail: wconnell@cjc-law.com
Steven R. Smith (0031778)
E-mail: ssmith@cjc-law.com
Tammy G. Lavalette (0071533)
E-mail: tlavalette@cjc-law.com
CONNELLY, JACKSON & COLLIER LLP
405 Madison Avenue, Suite 1600
Toledo, Ohio 43604
Telephone: (419) 243-2100
Facsimile: (419) 243-7119
Counsel for Plaintiff Cooper Tire & Rubber Company

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent this 24th day of February, 2005 via fax to John J. McHugh, III, Esq., McHugh, DeNune & McCarthy, Ltd., 5580 Monroe Street, Sylvania, Ohio 43604, fax (419) 885-3661, Counsel for Defendant.

Counsel for Plaintiff
Cooper Tire & Rubber Company

H:\Cases\CooperTire\Shinn\Pleading\motion-TRO-tgl.doc