UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **CASE FILED UNDER SEAL** | ) | No. 3:05-CV-7063 |
| Cooper Tire & Rubber Co. | ) | |
| Plaintiff, | ) | [Hon. David A. Katz] |
| | ) | |
| v. | ) | MOTION TO DISSOLVE OR MODIFY |
| Jason Shinn | ) | TEMPORARY RESTRAINING ORDER |
| Defendant. | ) | |
| | ) | |

Defendant Jason Shinn moves the court, pursuant to Fed. R. Civ. P. 65(b) for entry of an order dissolving or modifying the Temporary Restraining Order entered ex parte on February 24, 2005, a duplicate of which is attached hereto as Exhibit A. As written, the order prohibits consultation by Mr. Shinn with any counsel of his choosing, since it forbids him to "publish, disclose, make public, disseminate, or in any way reveal any attorney/client privileged material, secrets, or confidences" or work product claimed by plaintiff Cooper Tire. If information is shared with his counsel to secure their advice, and counsel determines that the shared information may constitute attorney-client communications, secrets, confidences, or work product, then there has been a violation of the order. Few lawyers would purport to accept an engagement where the competent discharge of duty could result automatically in the violation of a federal court order.

Alternatively, Mr. Shinn is deprived of his ability to consult with counsel, for no counsel can effectively discharge his responsibilities unless he is capable of making an informed judgment as to the nature of the documents involved, and the claim of privilege or secret. Since there are also defenses to the claim of privilege, which may arise under the crime/fraud exception

to the privilege, unless counsel is able to review such documents and to evaluate the context in which they were prepared, Mr. Shinn must proceed on his own, alone.

As written, the order prohibits not only Mr. Shinn, but undersigned counsel, from consulting or engaging ethics counsel to consult with or to assist in the defense of this action. To secure necessary advice on an immediate basis, it is necessary to do so, but the order as written expressly prohibits his attorneys from doing so, again under penalty of contempt.

The order further requires Mr. Shinn to return all copies of any such information, and to "take all necessary steps to purge such information from electronic storage." Delivery of all and destruction of some potential evidence, at such a preliminary stage of the proceedings, seems hasty at best, and perilous at worst, especially without any preliminary judicial determination of what does, or does not, constitute privileged communications, secrets, confidences, or work product. Again, Mr. Shinn is required to act at his peril, without the benefit of counsel, and risks spoliation claims or defenses against him in this action or other actions in which he may be involved.

Finally, the final paragraph of the restraining order impermissibly interferes with any attorney-client privilege that Mr. Shinn enjoys. To require that Cooper Tire be informed, under penalty of contempt, not only of the identity of any lawyer with whom he has consulted, but also to inform Cooper Tire as to the specific content and information of what must surely be recognized as privileged communications, is legally untenable.

Defendant Jason Shinn accordingly moves for dissolution or sufficient modification of the temporary restraining order to enable him to consult with counsel of his choosing, to enable him to disclose to such counsel all relevant records and documents as may be required to enable counsel competently to advise him as to his rights and obligations, as well as to enable him to defend against the claims made herein, and to permit both Mr. Shinn and his counsel to engage, if necessary, such ethics counsel to further advise as to his rights, responsibilities, and opportunities of defense in this action.

Defendant does not object to continuation of any restraining order which preserves the status quo as it existed prior to the filing of the complaint by prohibiting him or his counsel from

making any public or private disclosure to any other person other than counsel or prospective counsel, and only as may be necessary to advise Mr. Shinn as to his rights and obligations, both as a lawyer and as an officer of the court, as a potential party plaintiff, and as a defendant in this action. Defendant does not object to any order preserving the status quo as to the existence of documents or records, paper or electronic, but does object to any ordered destruction or delivery of such documents.

In accordance with Fed. R. Civ. P. 65(b), defendant moves for consideration of his motion at the earliest practicable available date on the court's calendar.

Of Counsel for Defendant:

McHUGH, DeNUNE & McCARTHY, LTD.
5580 Monroe Street
Sylvania, OH 43560-2538

John J. McHugh, III
5580 Monroe Street
Sylvania, OH 43560-2538
Telephone: (419) 885-3597
Telefax: (419) 885-3861
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Dissolve or Modify Temporary Restraining Order was duly served by facsimile transmission and ordinary mail, postage prepaid, upon William M. Connelly, Esq. and Steven R. Smith, Esq., attorneys for plaintiff, at their office at 405 Madison Avenue, Suite 1600, Toledo, Ohio 43604, this 1st day of March, 2005.

Attorney for Defendant



FILED UNDER SEAL PURSUANT
TO ORDER SEALING RECORD
DATED 2/24/05



```
05 FEB 24 PM 2:37
```

TOLEDO

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Cooper Tire & Rubber Company | : Case No. 3:05CV7063 |
| Plaintiff | : JUDGE   JUDGE DAVID A. KATZ |
| vs. | : **TEMPORARY RESTRAINING ORDER** |
| Jason M. Shinn | : |
| Defendant | : |

This matter came before the Court upon plaintiff Cooper Tire & Rubber Company's Complaint, the Affidavits of Joseph P. Thacker, William M. Connelly, and James E. Kline, and plaintiff's Motion and Memorandum in Support, the Court finding same well taken; and,

It clearly appearing that immediate and irreparable injury, loss, or damage will result to plaintiff and that plaintiff's attorney has certified in writing satisfactory efforts which have been made to give notice to defendant of this action,

IT IS HEREBY ORDERED AND ADJUDGED that defendant Jason M. Shinn and all his agents, servants, employees and attorneys, and all persons in active concert or participation with them, shall not publish, disclose, make public, disseminate or in any way reveal any attorney/client privileged material, secrets or confidences as those terms are used in DR 4-101 of

EXHIBIT A

the Code of Professional Responsibility, or work product, that defendant Jason M. Shinn gained through the professional relationship between C&W and Cooper Tire;

IT IS FURTHER ORDERED that defendant Shinn shall return all copies of documents, e-mails, memorandums, and any other written materials that contain such information and take all necessary steps to purge such information from electronic storage; and

IT IS FURTHER ORDERED that defendant Shinn shall a full disclosure, in writing, of the identity of every person or organization with whom defendant Shinn shared Cooper Tire's attorney/client privileged information, "secrets" or "confidences" and/or work product, and as to each person or organization with whom defendant Shinn made a disclosure, specifically identify the information shared.

This Temporary Restraining Order shall be effective upon giving of security in the sum of One Hundred Dollars ($100.00) by plaintiff Cooper Tire & Rubber Company.

_____
JUDGE

Dated: 2/24/05

h:\cases\coopertire\shinn\pleading\tro-srs.doc