**UNDER SEAL**

**FILED UNDER SEAL
UNDER ORDER SEALING RECORD
DATED FEBRUARY 24, 2005**

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| Cooper Tire & Rubber Co. | Case No. 3:05CV7063 |
| | Judge Katz |
| Plaintiff | |
| v. | **DEFENDANT'S ANSWER, COUNTERCLAIM AGAINST COOPER TIRE, AND DEMAND FOR JURY TRIAL** |
| Jason M. Shinn | |
| Defendant. | |

Defendant, Jason M. Shinn, submits his answer to Plaintiff Cooper Tire & Rubber Company's Complaint:

1. The allegations contained in ¶ 1 of Cooper Tire's Complaint are legal conclusions to which no response is required. To the extent an answer is required, the allegations are denied.

2. Mr. Shinn denies the allegations ¶ 2 of Cooper Tire's Complaint. Cooper Tire is not requesting any declaration of its rights or other legal relations in its prayer for relief. Instead, Cooper Tire's Complaint appears to be an action for replevin under the Ohio Revised Code of Mr. Shinn's work product and other information alleged to relate to Cooper Tire.

3. Mr. Shinn denies the allegations in ¶ 3 of Cooper Tire's Complaint.

4. Mr. Shinn admits the allegations in ¶ 4 of Cooper Tire's Complaint.

5. Mr. Shinn admits the allegations in ¶ 5 of Cooper Tire's Complaint.

6. Mr. Shinn admits that he was employed as an attorney at Cooper & Walinski from August 13, 2001 through approximately March 2004.

7. Mr. Shinn admits that beginning approximately March 2003 to February 28, 2004 that he performed legal services for Cooper Tire under the supervision of Joe Thacker.

8. Mr. Shinn admits that he had an attorney/client relationship with Cooper Tire for the time period in the preceding paragraph. Mr. Shinn further states that this relationship ended on, at least March 2, 2004.

9. Mr. Shinn admits that he received information from Cooper Tire. This information included information provided for purposes of legal representation. Mr. Shinn also admits that he obtained additional information from sources outside of Cooper Tire that was pertinent to Mr. Shinn's legal representation of Cooper Tire but was not disclosed by Cooper Tire. Mr. Shinn is unable to admit or deny that the information he received was of a confidential and proprietary nature without knowing what actual information Cooper Tire is referring to and, therefore, denies the remaining allegations in ¶ 9 of Cooper Tire's Complaint.

10. Mr. Shinn admits he assisted Cooper & Walinski, under the supervision of Joe Thacker, in rendering legal advice to Cooper Tire. Mr. Shinn denies the remaining allegations in ¶ 10.

11. Mr. Shinn admits that certain documents he created are protected by the attorney work product doctrine. Mr. Shinn is unable to admit or deny the remaining allegations contained in ¶ 11 of Cooper Tire's Complaint and, instead, leaves Cooper Tire to prove these allegations. Furthermore, Mr. Shinn is unable to admit or deny that "certain documents" are protected by the work product doctrine without knowing what documents Cooper Tire is referring to or which attorney is claiming the work product, and whether these documents have lost their privileged and protected status through Cooper Tire's conduct or its attorneys. For example, Cary Cooper of Cooper & Walinski sent Mr. Shinn an email about Mr. Shinn's March 7, 2004 memorandum, which discussed certain information relating to the handling of Cooper Tire's product litigation. This email was also carbon copied to a "Richard A. Chase" which, upon information and belief, was not associated with the representation of Cooper Tire, thus potentially compromising the status of "certain documents" as privileged or protected.

12. Mr. Shinn denies the allegations contained in ¶ 12. Mr. Shinn further states that copies of his work product created while he was

employed with Cooper & Walinski was turned over to Cooper & Walinski before his departure from Cooper & Walinski. Mr. Shinn further states that Cooper Tire has offered no basis for the return of Mr. Shinn's work product. Mr. Shinn also states that he complied with all known Cooper & Walinski employee exit policies regarding possession of documents.

13. The allegations contained in ¶ 13 of Cooper Tire's Complaint are legal conclusions to which no response is required and Mr. Shinn will leave Cooper Tire to prove these allegations. To the extent an answer is required, the allegations are denied.

14. Mr. Shinn denies the allegations contained in ¶ 14.

15. Mr. Shinn denies the allegations contained in ¶ 15 and in response to Cooper Tire's allegation of wrongful conduct by Mr. Shinn and, under DR 4-101(C), Mr. Shinn further states that he met with a senior Cooper & Walinski attorney regarding Mr. Shinn's legal and ethical concerns involving Cooper & Walinski's handling of Cooper Tire litigation. This attorney shared Mr. Shinn's concerns, which prompted Mr. Shinn to anonymously contact the Toledo Bar Association's regarding attorney ethics resources. After using such resources, which confirmed his concerns, Mr. Shinn provided notice around March 2004 to Cooper & Walinski' board members, Steven Dane, Margaret Lockhart, and John Nelson, about his legal and ethical concerns involving Cooper & Walinski's handling of

Cooper Tire litigation. Mr. Shinn further states he requested that additional investigation by Cooper & Walinski into this issue be conducted. Despite the reasonable and justifiable basis for Mr. Shinn's concerns, Joe Thacker retaliated against Mr. Shinn, threatened Mr. Shinn's continued employment with Cooper & Walinski, and in a March 19, 2004 email attacked Mr. Shinn's character and fitness to practice law. Mr. Shinn eventually contacted Cooper & Walinski about the legal ramifications of Mr. Thacker's conduct and resolving this issue short of litigation. But Mr. Shinn made it clear to Cooper & Walinski that he would continue to maintain his ethical obligations with respect to Cooper Tire information that he gained during his professional relationship with Cooper Tire.

16. Mr. Shinn is without knowledge or information sufficient to form a belief as to the truth of the allegations of ¶ 16.

17. The allegations contained in ¶ 17 of Cooper Tire's Complaint are legal conclusions to which no response is required and, instead, Mr. Shinn will leave Cooper Tire to prove these allegations. To the extent an answer is required, the allegations are denied.

18. Mr. Shinn is without knowledge or information sufficient to form a belief as to the truth of the allegations of ¶ 18.

19. The allegations contained in ¶ 19 of Cooper Tire's Complaint are legal conclusions to which no response is required. To the extent an answer is required, the allegations are denied.

20. Mr. Shinn denies the allegations contained in ¶ 20 of Cooper Tire's Complaint. Mr. Shinn is already obligated to do what Cooper Tire is requesting and has represented, personally and through counsel, that he will maintain his ethical and legal obligations.

### Affirmative Defenses

1. Cooper Tire fails to state a claim upon which relief can be granted.

2. Cooper Tire is not entitled to the requested relief.

3. Cooper Tire has failed to join parties who are necessary, indispensable, or both.

4. Certain of Cooper Tire's claims are barred by principles of waiver, laches, and estoppel.

5. Any actions taken by Mr. Shinn were legally justified under applicable legal and disciplinary rules governing lawyers.

6. Cooper Tire's claims are without legal justification and, therefore, are frivolous.

7. Cooper Tire has unclean hands.

8. Cooper Tire's claims are contrary to Ohio and federal public policy.

9. Cooper Tire's claims for equitable relief should be denied because there is no likelihood of success on the merits and Cooper Tire will

not sustain irreparable harm for which there is no adequate remedy of law.

10. This Court lacks subject matter jurisdiction over Cooper Tire's claims.

WHEREFORE, Defendant, Jason M. Shinn, prays that this action be dismissed and that he be awarded such cost and damages as this Court deems just.

## **Counterclaim Against Cooper Tire**

Defendant, Jason M. Shinn, submits his Counterclaim against Plaintiff Cooper Tire & Rubber Co., as follows:

1. Mr. Shinn restates the above responses and allegations as though fully restated herein.

2. Cooper Tire has made statements and allegations, including in its Complaint, that Mr. Shinn has engaged in wrongful conduct.

3. Mr. Shinn, under DR 4-101(C), is permitted to respond to these allegations.

4. Mr. Shinn met with a senior Cooper & Walinski attorney regarding Mr. Shinn's legal and ethical concerns involving Cooper & Walinski's handling of certain litigation around March 2004.

5. This attorney shared Mr. Shinn's concerns, which prompted Mr. Shinn to anonymously contact the Toledo Bar Association's about its resources involving ethical concerns.

6. Mr. Shinn's concerns in ¶ 4 were again confirmed after using the Toledo Bar Association's resources. Mr. Shinn subsequently provided notice around March 2004 to Steven Dane, Margaret Lockhart, and John Nelson about his legal and ethical concerns involving Cooper & Walinski's handling of certain litigation.

7. Mr. Shinn requested that Cooper & Walinski conduct additional investigation into his concerns described in ¶ 4 be conducted.

8. Despite the reasonable and justifiable basis for Mr. Shinn's concerns, Joe Thacker threatened Mr. Shinn's continued employment with Cooper & Walinski, and in a March 19, 2004 email (the "Email") made numerous unfounded, false, and defamatory remarks about Mr. Shinn.

9. Such defamation included attacking his character and fitness to practice law, his integrity, and his willingness to harm a client for Mr. Shinn's personal gain.

10. Joe Thacker also stated his intention to communicate the remarks in the preceding paragraph to other attorneys not involved in the representation of Cooper Tire.

11. Upon information and belief, the remarks in ¶8 were communicated to such attorneys.

12. Joe Thacker was Cooper Tire's agent at the time the preceding communication took place.

13. Mr. Shinn contacted Cooper & Walinski about the legal ramifications of Mr. Thacker's conduct and resolving this issue short of litigation.

14. Mr. Shinn also sought to publish an article regarding legal ethics, disciplinary rules, and an attorney's obligation to comply with both of the preceding.

15. Mr. Shinn made it clear to Cooper & Walinski that he would continue to maintain his ethical obligations with respect to Cooper Tire information that he gained during his professional relationship with Cooper Tire in regard to ¶¶ 13 and 14.

16. Despite Mr. Shinn's representations, Cooper Tire filed suit to prohibit the preceding conduct.

17. Cooper Tire has made numerous accusations that Mr. Shinn has engaged in wrongful conduct.

18. Cooper Tire knows or should have known that the statements are false.

## Count I

19. Mr. Shinn restates the above responses and allegations as though fully restated herein.

20. Cooper Tire's suit against Mr. Shinn lacks plausible legal or factual basis.

21. Cooper Tire has filed suit against Mr. Shinn for an improper purpose and with malice.

9

22. Cooper Tire has continued to pursue its suit against Mr. Shinn despite its knowledge in the preceding paragraph.

23. Upon information and belief, Cooper Tire has filed suit for personal and improper reasons, which include:

    a. Preventing Mr. Shinn from pursuing litigation against his former employer, Cooper & Walinski, for expressed retaliation and threats made by Cooper & Walinski against Mr. Shinn;

    b. Preventing Mr. Shinn from addressing certain ethical obligations imposed upon attorneys.

    c. Interfering with Mr. Shinn's express rights under the applicable state and federal constitutions.

    d. Discouraging or interfering with Mr. Shinn's obligations to comply with certain ethical obligations;

    e. Vexation;

    f. Damage to Mr. Shinn's professional reputation; and

    g. Retaliation for Mr. Shinn raising certain ethical and legal concerns to his former employer, Cooper & Walinski, as required under the applicable rules governing attorneys.

24. Cooper Tire only filed the instant suit after Mr. Shinn disclosed his intention to publish an article and contacted Cooper & Walinski about resolving issues discussed in the preceding paragraph and ¶ 15 of Mr. Shinn's Answer.

25. Upon information and belief, Cooper Tire seeks to prohibit Mr. Shinn from accomplishing the actions in the preceding paragraph.

26. Cooper Tire's suit is frivolous.

27. Mr. Shinn has been professionally and personally damaged by Cooper Tire's conduct.

## **Count II**

28. Mr. Shinn restates the above responses and allegations as though fully restated herein.

29. Assuming that Cooper Tire's suit was originally filed for proper legal reasons, its action has since been perverted in an effort to accomplish ulterior, improper purposes.

30. Upon information and belief, the preceding improper purposes include:

    a. Preventing Mr. Shinn from pursuing litigation against his former employer, Cooper & Walinski, for expressed retaliation and threats made by Cooper & Walinski against Mr. Shinn;

    b. Preventing Mr. Shinn from addressing certain ethical obligations imposed upon attorneys.

    c. Interfering with Mr. Shinn's express rights under the applicable state and Federal Constitutions.

    d. Discouraging or interfering with Mr. Shinn's obligations to comply with certain ethical obligations;

11

    e.    Vexation;

    f.    Damage to Mr. Shinn's professional reputation; and

    g.    Retaliation for Mr. Shinn raising certain ethical and legal concerns to his former employer, Cooper & Walinski, as required under the applicable rules governing attorneys.

31. Mr. Shinn has been professionally and personally damaged by Cooper Tire's wrongful use of the legal process.

### Count III

32. Mr. Shinn restates the above responses and allegations as though fully restated herein.

33. Joe Thacker of Cooper & Walinski and Cooper Tire's attorney, under the direction of Jim Kline, ended Mr. Shinn's representation of Cooper Tire on March 2, 2004 in response to Mr. Shinn's concerns, which are generally described in ¶ 15 of his Answer.

34. Joe Thacker, authored a March 2004 Email.

35. The Email was not in response to Cooper Tire's request for legal advice of any kind.

36. Joe Thacker's Email was not providing legal advice to Cooper Tire.

37. The Email was not sent in confidence.

38. These statements were not related to Mr. Shinn's performance as an attorney.

39. The Email contained numerous false statements concerning Mr. Shinn.

40. Joe Thacker made these statements in retaliation against Mr. Shinn for raising certain ethical concerns about Cooper & Walinski and, specifically, Joe Thacker's handling of litigation.

41. Mr. Shinn was carbon copied on the Email after Mr. Shinn no longer represented Cooper Tire.

42. Joe Thacker knew that Mr. Shinn no longer represented Cooper Tire at the time referred to in the preceding paragraph.

43. Upon information and belief, Cooper Tire claims that this Email is protected under the attorney-client privilege, attorney work product doctrine, or both.

44. The Email is not protected as described in the preceding paragraph.

45. This email is not protected under the rules applicable to the attorney-client relationship.

46. This Email is not protected under the rules applicable to the attorney-work product doctrine.

47. Alternatively, only portions of this Email that discuss Cooper Tire are protected as described in ¶ 31.

48. The remaining Email disparaging and attacking Mr. Shinn's professional and personal character is not protected as claimed by Cooper Tire.

49. Any claim of privilege by Cooper Tire with respect to this Email was waived when Joe Thacker sent it to Mr. Shinn after Mr. Shinn's attorney-client relationship with Cooper Tire ended.

50. Alternatively, the Email is privileged but Mr. Shinn is under no obligation to protect or conceal this Email since he did not receive it under an attorney-client relationship with Cooper Tire.

51. Mr. Shinn has been professionally and personally damaged by Cooper Tire's conduct as described in the preceding paragraphs.

52. Mr. Shinn requests a declaratory ruling under 28 U.S.C. §§ 2201 and 2202 and Federal Rule Civil Procedure Rule 57 after a full evidentiary hearing for Cooper Tire to meet its burden of proof regarding the status of the Email. And specifically, Mr. Shinn request that this Court issue a declaratory ruling that:

   a. The Email is not protected by the attorney-client privilege, work product doctrine, or other applicable rules;

   b. The Email was protected as described in the preceding paragraph but such protections were waived by Joe Thacker's sending the Email to Mr. Shinn; or

   c. Only portions of the Email are protected as described in ¶ 39(a), which will be determined by the Court; and

   d. Order Cooper Tire to provide a list consisting of; 1) every person who received a copy of the Email, was provided any information derived from the Email, or was provided any

information relating to the Email; 2) the date the preceding information was provided; and 3) who provided the preceding information.

### Count IV

53. Mr. Shinn restates the above responses and allegations as though fully restated herein.

54. Cooper Tire is seeking the return of Mr. Shinn's work product.

55. Mr. Shinn requests a declaratory ruling under 28 U.S.C. §§ 2201 and 2202 and Federal Rule Civil Procedure Rule 57 that an attorney is permitted to retain a copy of his work product.

### Count V

56. Mr. Shinn restates the above responses and allegations as though fully restated herein

57. Cooper & Walinski employed Mr. Shinn under a contract.

58. Cooper Tire knew Mr. Shinn was employed by Cooper Tire under a contract.

59. Mr. Shinn was required to exercise certain ethical and legal standards under the contract.

60. The preceding ethical and legal standards coincide with those ethical and legal considerations applicable to all attorneys licensed to practice law in Ohio.

61. Cooper Tire procured, through Joe Thacker, the breach of Mr. Shinn's contract with Cooper & Walinksi for complying with Mr. Shinn's contractual and ethical obligations.

62. The conduct in the preceding paragraph was without justification.

63. As a result of Cooper Tire's conduct, Mr. Shinn was damaged professionally and personally.

Mr. Shinn requests that this Court enter judgment against Cooper Tire for damages consistent with the injuries he has suffered, costs, attorney fees in amount to be determined at trial but not less than $75,000 and any other remedy the Court deems proper.

Respectfully submitted,

*/s/ Jason M. Shinn*

Jason M. Shinn (0074267)
33321 Ludwig Drive
Rockwood, MI 48173

## Jury Demand

Defendant/Counter Plaintiff, Jason Shinn, under Federal Rule Civil Procedure 38 and LR 38.1 demands a trial by a jury of his peers on any issue so triable.

Respectfully submitted,

*/s/ Jason M. Shinn*

Jason M. Shinn

## Certification

This certifies that a copy of the foregoing has been sent on June 20, 2005 via email, <u>wconnell@cjc-law.com</u>, and ordinary U.S. mail to William M. Connelly, Connelly, Jackson & Collier LLP, 405 Madison Avenue, Suite 1600, Toledo, OH 43604, Counsel for Plaintiff.

/s/ Jason M. Shinn
Jason M. Shinn