CASE UNDER SEAL
PURSUANT TO ORDER SEALING RECORD
DATED FEBRUARY 24, 2005

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **CASE UNDER SEAL** | Case No. 3:05CV7063 |
| Cooper Tire & Rubber Co., | |
| Plaintiff, | JUDGE KATZ |
| v. | |
| Jason M. Shinn, | |
| Defendant. | |

## ORDER

This matter came before the Court on Plaintiff Cooper Tire & Rubber Co.'s Renewed Motion to Enforce Settlement ("Renewed Motion"), filed on December 9, 2005, and upon Defendant Jason M. Shinn's Partial Objection to Cooper Tire's Renewed Motion, filed on December 13, 2005. Cooper Tire filed a Motion for Expedited Consideration on December 14, 2005, which the Court granted, setting this matter for hearing on December 29, 2005.

The Court, having provided the parties an opportunity to appear and present evidence, and having reviewed and considered Judge Carr's December 6, 2005 Opinion, and the factual findings therein, finds Plaintiff's Renewed Motion well-taken and, therefore, GRANTS the same and hereby DENIES Defendant's Partial Objection to Cooper Tire's Renewed Motion to the extent it is inconsistent with Plaintiff's motion and the relief sought therein. The Court also finds, pursuant to 28 U.S.C. § 1927, that Defendant, an attorney, has multiplied the proceedings in this

case unreasonably and vexatiously, and that he may be required to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. It is, therefore, hereby ORDERED as follows:

(1) It is hereby ORDERED, ADJUDGED, and DECREED that the Court's Modified Temporary Restraining Order, entered on March 15, 2005, shall be made permanent, and shall remain in full force and effect, and that Defendant Jason M. Shinn, and all persons in active concert or participation with him, shall not publish, disclose, make public, disseminate or in any way reveal any attorney/client privileged material, secrets, confidences, or work-product that Defendant gained through his professional relationship with Cooper & Walinski and Plaintiff Cooper Tire & Rubber Co. ("Cooper Tire Information"). Defendant is similarly prohibited from publishing, disclosing, making public, disseminating, or in any way revealing information regarding the parties, claims or substance of this matter under seal pursuant to the Court's February 24, 2005 Order Sealing Record.

(2) It is further ORDERED that the disposition of Cooper Tire Information contained on Defendant's Yahoo! e-mail account shall proceed and conclude within thirty days, under the supervision of the Court's Special Master, and in accordance with the procedures set forth in Paragraph (2)(A) of the parties' August 12, 2005 Agreed Entry. To the extent Defendant has previously segregated Cooper Tire Information on his Yahoo! account to be disposed of in accordance with those procedures, Defendant shall supplement that material with any additional Cooper Tire Information that he has transmitted via e-mail using his Yahoo! account since the August 12, 2005 Entry was filed, including any e-mails and attachments on his Yahoo! account related to this matter under seal.

2

(3) It is further ORDERED that the disposition of Cooper Tire Information contained on Defendant's personal computer hard drive and any other form of electronic data storage medium shall also proceed and conclude within thirty days, under the supervision of the Court's Special Master, as follows: (i) Defendant shall review the files on his existing hard drive and any other form of electronic data storage medium to distinguish between those files containing or referring to any Cooper Tire Information (including files related to this matter under seal) and those not containing or referring to any Cooper Tire Information; (ii) the latter category of non-Cooper Tire Information files shall be transferred from Defendant's existing hard drive and any other form of electronic data storage medium onto a reasonably comparable replacement hard drive and any software reasonably determined to be necessary by the Special Master to be purchased by Cooper Tire and approved by the Special Master; (iii) Defendant's replacement hard drive and any other form of electronic data storage medium shall be inspected by the Special Master, via a keyword search or other method acceptable to the Special Master and Cooper Tire, to confirm that it does not contain or refer to any Cooper Tire Information; (iv) Defendant's existing hard drive and any other form of electronic data storage medium shall be placed into trust at National City Bank in Toledo in accordance with the procedures set forth in the parties' August 12, 2005 Agreed Entry; provided, however, in lieu of pacing his thumb drive in trust pursuant to this paragraph Defendant may ask the Special Master to delete all material contained thereon and return it to him; (v) the Special Master shall provide Defendant with a file directory of documents on Defendant's hard drive or any other form of electronic data storage medium as placed into trust pursuant to subparagraph 4 (iv), such directory to consist of the file names as

now contained on Defendant's hard drive any other form of electronic data storage medium; and, (vi) Defendant may make and retain from his hard drive and any other form of electronic data storage medium a hard copy of any pleading that has actually been filed in this matter; provided, however, any such hard copy shall be made in the presence of counsel for Cooper Tire and subject to review by such counsel.

(4) It is further ORDERED that, pursuant to 28 U.S.C. § 1927, the Court hereby enters sanctions against the Defendant in the amount of $25,000; provided, however, that: (i) on or before January 31, 2006 Cooper Tire shall advise the Court whether Defendant has complied with the provisions of paragraphs 2 and 3 of this Order; (ii) if Cooper Tire advises the Court that Defendant has complied with paragraphs 2 and 3 of this Order, then the findings and award of sanctions under 28 U.S.C. §1927 shall be vacated and treated as if never entered; except that, (iii) if Defendant violates paragraph 1 of this Order, then, upon motion by Cooper Tire and proof that the injunction has been violated, the Court will immediately reimpose the sanctions provided for herein (if vacated pursuant to subparagraph 4 (ii) hereof) and shall consider such other relief as may be appropriate under the circumstances.

(5) Defendant has represented to the Court and Cooper Tire that he has disclosed to the Court and Cooper Tire all of the electronic data storage media upon which he has stored or caused to be stored pleadings or correspondence in this case or Cooper Tire information, and that the only such electronic data storage media are the hard drive of defendant's personal computer, a "thumb drive" on which Defendant has stored pleadings and correspondence related to this case, and Defendant's Yahoo! account.

(6) Cooper Tire and Defendant Shinn each appeared before the Court on December 29, 2005 and consented to the entry of this Order.

It is so ORDERED this 29th day of December, 2005.

_____
UNITED STATES DISTRICT JUDGE