FILED UNDER SEAL
PURSUANT TO ORDER SEALING RECORD
DATED FEBRUARY 24, 2005

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **CASE UNDER SEAL** | : | Case No. 3:05CV7063 |
| Cooper Tire & Rubber Co., | : | |
| Plaintiff, | : | JUDGE KATZ |
| vs. | : | |
| Jason M. Shinn, | : | |
| Defendant. | : | |

UNDER SEAL

## FINAL REPORT OF THE SPECIAL MASTER

Pursuant to Fed. R. Civ. P. 53(f), the Special Master ("Kroll") hereby submits its final report to the Court in the above-captioned matter. Kroll was appointed by the Court on May 2, 2005 to assist the parties and the Court in the identification and extraction of information relating to Plaintiff Cooper Tire & Rubber Co. ("Cooper Tire") from the personal computer and Yahoo! e-mail account of Defendant Jason M. Shinn ("Mr. Shinn"). On December 29, 2005, the Court ordered this process to conclude within 30 days. Kroll met and conferred with the parties in January 2006, supervised the parties' implementation of the Court's orders and the parties' subsequent agreements, analyzed Mr. Shinn's electronic storage media and Yahoo! e-mail account for the presence of information relating to Cooper Tire, and assisted the parties with the agreed-upon disposition of such information. Kroll hereby reports as follows:

1. On January 24th, 2006, Kroll obtained remote access to Mr. Shinn's Yahoo! account, with his written permission, and on January 24th, 2006 searched the account for the presence of Cooper Tire information using keyword search terms provided by Cooper Tire on January 18, 2006. Kroll copied e-mail messages (along with attachments, if any) from two e-mail folders (named "Cooper Tire" and "Cooper Walinski") from Mr. Shinn's Yahoo! account and placed them in a Microsoft Outlook PST file. The PST files were then copied to a CD and delivered in a sealed envelope to Mr. William Connelly in Toledo, Ohio for placement into a custodial account at National City Bank. The Cooper Tire and Cooper Walinski folders were then permanently deleted from Mr. Shinn's Yahoo! account. Kroll also electronically copied e-mails from other folders in Mr. Shinn's Yahoo! account containing or referring to Cooper Tire information, placed them in another Microsoft Outlook PST file, and sent them in the same sealed envelope to Mr. Connelly in Toledo for placement into the National City Bank custodial account. Kroll then permanently removed these e-mail messages from Mr. Shinn's Yahoo! account. To the best of Kroll's knowledge, no e-mails containing information regarding Cooper Tire remain or remain accessible to Mr. Shinn on his Yahoo! account, and Kroll's duties with respect to that account are now completed.

2. Mr. Shinn placed certain files from his existing hard drive onto two thumb drives and delivered the thumb drives to Kroll. These thumb drives contained files falling into two categories: The first category included files that Mr. Shinn wanted to retain on a replacement hard drive after he delivered his

existing hard drive to counsel for Cooper Tire for placement into the custodial account at National City Bank ("Shinn Files"). The second category included files consisting of pleadings, drafts of pleadings, and correspondence relating to this litigation ("Pleading Files"). The Pleading Files were to be printed and the hard copies returned to Mr. Shinn, but this plan was later changed by the agreement of the parties, whereby Kroll copied the Pleading Files onto CD for placement into the National City Bank custodial account and deleted the active Pleading Files from the thumb drive. Cooper Tire will also provide Mr. Shinn with hard copies of the pleadings. Kroll made exact images of both thumb drives and searched the Shinn Files on those thumb drives for the presence of Cooper Tire information using keywords provided by Cooper Tire on January 4, 2006. Kroll then sent Keyword Hits spreadsheets to Mr. Shinn identifying all "hits" on the Shinn Files that resulted from Cooper Tire's search terms. Mr. Shinn reviewed these spreadsheets, which contained "preview panes" showing the "hits" in their context within each file. Based on his review of these spreadsheets, Mr. Shinn identified certain additional files for Kroll to delete from the thumb drives and place into the custodial account, and certain other files that Mr. Shinn still wished to retain for future use. With respect to the files identified by Mr. Shinn for retention, with Mr. Shinn's permission, Kroll sent versions of the Keyword Hits spreadsheets with smaller preview panes to Cooper Tire. Cooper Tire reviewed the reduced version of the spreadsheets to determine whether any of the "hit" files that Mr. Shinn wanted to retain appeared to contain or refer to information about Cooper Tire. Cooper Tire identified three documents on the reduced

Keyword Hits spreadsheets for Kroll to review in conjunction with Mr. Shinn, and Kroll and Mr. Shinn agreed that one of those files did contain Cooper Tire information and the other two did not. Kroll electronically copied any files from the image of Mr. Shinn's thumb drives containing or referring to Cooper Tire information, including the file identified by Cooper Tire from its review of the reduced Keyword Hits spreadsheets, and included these files on the CD sent in a sealed envelope to Mr. Connelly in Toledo for placement into the National City Bank custodial account. Kroll then wiped Mr. Shinn's thumb drives, placed the remaining active files from the images onto those same thumb drives, and returned the thumb drives (and all remaining files thereon) to Mr. Shinn. To the best of Kroll's knowledge, no files containing information regarding Cooper Tire remain or remain accessible to Mr. Shinn on the thumb drives that Kroll returned to him, and Kroll's duties with respect to Mr. Shinn's thumb drives are completed.

3. Kroll will retain a mirror image of Mr. Shinn's original computer hard drive (the image made in March 2005) in a secure location at its headquarters for its standard retention period of two years from the date it was received by Kroll. Kroll will provide notice to the parties once the mirror image has been destroyed pursuant to industry standards. To the best of Kroll's knowledge, all other media containing or referring to Cooper Tire have been returned to Mr. Connelly in sealed envelopes for placement into the parties' custodial arrangement at National City Bank in Toledo.

4. Kroll has complied, and will comply in the future, with the Court's Order sealing the record in this case, and will maintain the confidentiality of the information it has received in this matter.

THIS CONCLUDES THE SPECIAL MASTER'S REPORT.

Date: 1/30/06

Michael De La Cruz
Kroll Ontrack
(347) 297-9347

Phone:

cc: Jason M Shinn, Esq.
William M. Connelly, Esq
Robert W. Trafford, Esq.