# FILED UNDER SEAL
## PURSUANT TO ORDER SEALING RECORD
## DATED FEBRUARY 24, 2005

MAR 20 PM 2: 15

CLER...
NORTHERN DISTRICT OF OHIO
TOLEDO

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| <u>CASE UNDER SEAL</u> | : | Case No. 3:05CV7063 |
| | : | |
| Cooper Tire & Rubber Co., | : | |
| | : | |
| Plaintiff, | : | JUDGE KATZ |
| | : | |
| vs. | : | |
| | : | |
| | : | |
| Jason M. Shinn, | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT'S MOTION ASKING THIS COURT TO FIND COOPER TIRE IN VIOLATION OF THIS COURT'S DECEMBER 29, 2005 ORDER AND FINDING COOPER TIRE PRESENTED FALSE EVIDENCE TO THIS COURT

Defendant, Jason Shinn, states as follows:

1. This Court entered its December 29, 2005 Order, which required Cooper Tire to "on or before January 31, 2006" to advise "the Court whether Defendant has complied with provisions of paragraphs 2 and 3 of this Order."

2. Defendant completely complied with the Court's Order, including the preceding provisions of paragraphs 2 and 3. Cooper Tire had complete knowledge of this compliance.

3. Cooper Tire has agreed that Defendant complied with the Court's December 29 Order.

4. Despite Cooper Tire's knowledge and agreement that Defendant complied with the Court's December 29 Order it failed to advise the Court of this fact.

5. Instead, Cooper Tire subjected Defendant to <u>yet another proposed agreement</u> that it intends to file with this Court regarding the disposition of the present case, which this Court has already addressed in its December 29, 2005 Order. Interestingly enough, Cooper Tire's proposed agreement does not comply with the December 29, 2005 Order.

6. Defendant has contacted Cooper Tire's counsel regarding its failure to comply with the Court's December 29 Order. Several conversations with Cooper Tire's counsel requesting that it comply with this Order have not – to date – resulted in such compliance. The last such conversation occurred on March 7, 2006 with Buzz Trafford.

7. Cooper Tire has also deliberately mislead this Court in connection with obtaining the December 29 Order.

8. The Court will recall that despite having an Agreement in place to resolve this matter Cooper Tire insisted upon yet another protocol. It's sole justification for asking this Court to allow it to disregard its previous obligations – obligations it drafted and agreed to – was because Defendant lied about the amount of information residing on his hard-drive, which made the parties' previous agreements impractical.

9. Specifically, in its *Renewed Motion for Order Enforcing Settlement* (filed December 9, 2005) and *Plaintiff's Reply In Support of Renewed Motion for Order Enforcing Settlement* (Filed December 22, 2005) it represented to this Court that

2

Defendant deliberately mislead Cooper Tire and this Court as to the amount of information subject to this Court proceeding. Cooper Tire even called Defendant a liar as to this subject: "... the quantity of CT Confidential Information placed on the hard-drive is such that no reasonable person could have forgotten that it had been placed there." *Plaintiff's Pre-hearing Memorandum Regarding Defendant's November 12, 2005 Letter to the Court.* (Filed November 28, 2005).

10. Cooper Tire failed to inform this Court and Defendant that it was using generic search terms that resulted in overwhelming over-inclusion of information to be captured. For example, Cooper Tire used "CT" as a search term. This resulted in any document containing a citation in which court was abbreviated to "Ct." Cooper Tire also captured words such as "act."

11. Cooper Tire used this misinformation to persuade the Court to allow it to avoid its previous agreements, which were entered with this Court. Cooper Tire also used it to impugn Defendant's credibility.

12. In support of this Motion, Defendant relies upon the Court's inherent authority to enforce court orders and manage its docket.

Wherefore, Defendant asks that this Court:

- Find Cooper Tire in violation of this Court's December 29, 2005 Order;

- Find Defendant has complied with the December 29 Order;

- Order Cooper Tire to pay $225.00, which represents 1.5 hours of legal work at Defendant's hourly billable rate of $150.00. This is the amount of time expended to obtain Cooper Tire's compliance with its preexisting obligations under the December 29 Order; and

3

- Order Cooper Tire to file a retraction with this Court in regard to any reference that Defendant mislead or misrepresented the Court or Cooper Tire as to the amount of Cooper Tire information that resided on Defendant's hard-drive. Also, Order Cooper Tire to provide a written apology to Defendant for making these baseless assertions; and

- Any other just and equitable relief that the Court finds to be appropriate.

Respectfully submitted,

Jason M. Shinn ()074267)
24001 Country Squire St., Apt. 206
Clinton Township, MI 48035
734-652-4803

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of the foregoing Defendant's Motion to Find Cooper Tire in Violation of this Court's December 29, 2005 Order and Finding Cooper Tire Presented False Evidence to this Court was served by regular mail on March 15, 2006, upon the following:

Buzz Trafford
Porter, Wright, Morris & Aurthur
41 South High Street
Columbus, OH 43215