FILED UNDER SEAL
PURSUANT TO ORDER SEALING RECORD
DATED FEBRUARY 24, 2005

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

# CASE UNDER SEAL

| | |
|---|---|
| Cooper Tire & Rubber Co., | Case No. 3:05CV7063 |
| Plaintiff, | |
| v. | |
| Jason M. Shinn, | JUDGE KATZ |
| Defendant. | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION
TO FIND COOPER TIRE IN VIOLATION OF THE
COURT'S DECEMBER 29, 2005 ORDER**

I. INTRODUCTION

Defendant Jason M. Shinn ("Mr. Shinn"), whose conduct was found seriously wanting in Judge Carr's December 6, 2005 Opinion, and whom this Court previously found to be a vexatious attorney in its Order of December 29, 2005 ("December Order"), has now submitted yet another baseless filing to which Plaintiff Cooper Tire & Rubber Co. ("Cooper Tire") must respond. In it, Mr. Shinn asserts wrongly that Cooper Tire has violated the same December

Order that sanctioned him in the amount of $25,000 for his unprofessional conduct in this litigation. He also claims erroneously that Cooper Tire misled the Court in filings submitted months ago about the amount of Cooper Tire information then residing on his personal computer hard drive. As Cooper Tire explains briefly below, both of these claims are meritless.

## II. ARGUMENT

### A. Cooper Tire Did Not Violate The Court's December 29, 2005 Order.

Mr. Shinn first accuses Cooper Tire of violating this Court's December 29, 2005 Order ("December Order") by failing to advise the Court of his apparent compliance with that Order. The Court's December Order found that Mr. Shinn had multiplied the proceedings in this case unreasonably and vexatiously pursuant to 28 U.S.C. § 1927 and sanctioned him in the amount of $25,000.00 for doing so. (December Order at 1 and ¶ (4)). It also permanently enjoined him from disseminating Cooper Tire information that he had gained in his former professional relationship with Cooper Tire and its counsel, Cooper & Walinski, and it ordered the disposition of Cooper Tire information on his Yahoo! e-mail account and personal computer hard drive to proceed and conclude within thirty days under the supervision of the Court's Special Master. (December Order at ¶¶ 1-3).

The portion of the December Order that Mr. Shinn now accuses Cooper Tire of violating, long after the fact, is found at Paragraph 4(i), which provides:

> (i) on or before January 31, 2006 Cooper Tire shall advise the Court whether Defendant has complied with the provisions of paragraphs 2 and 3 of this Order[.]

Cooper Tire did not separately advise the Court of Mr. Shinn's apparent compliance with paragraphs 2 and 3 of the December Order (which relate to the disposition of Cooper Tire information on Mr. Shinn's Yahoo! account and computer) because—*as all parties understood at the time—the Court's Special Master, Kroll Ontrack, provided the Court with formal notice of*

*Mr. Shinn's apparent compliance with these procedures in its Final Report, submitted on January 30, 2006—the day before the January 31 deadline contained in Paragraph 4(i) of the Court's December Order.* As Mr. Shinn well knows, both for his convenience and that of the Special Master, Cooper Tire undertook the burden and expense of drafting the bulk of the Final Report detailing Mr. Shinn's apparent compliance with the Court's December Order. Cooper Tire submitted a draft of that Report to both the Special Master *and to Mr. Shinn* to ensure that the parties agreed to its contents *before* the Special Master reviewed it, approved it, signed it, and submitted it to the Court within the deadline found in Paragraph 4(i) of the December Order.

Mr. Shinn never discussed or insisted upon a separate Notice from Cooper Tire when the parties and the Special Master worked feverishly to meet the Court's January 31 deadline. It was not until March 2, 2006, more than a month *after* that deadline, that Mr. Shinn first complained to Cooper Tire that it had failed to "file the required notice."[1] When counsel for Cooper Tire responded that "[W]e thought the Special Master's Report, which covers this, would have sufficed," Mr. Shinn responded *"[y]ou may be right in regard to the special master's report* but the Court's Order specifically requires CT to provide notice and, therefore, I believe it is best for CT to go ahead and file this."[2] In a proposed Agreed Order submitted to Mr. Shinn on March 15, 2006 (the second such proposed order sent to Mr. Shinn, the first having been sent more than a month earlier, on February 10, 2006), Cooper Tire duly inserted a paragraph indicating that it would file the separate (and unnecessary) Notice that he insisted on. Instead of responding in

---

[1] *See* March 2, 2006 e-mail exchange between Mr. Trafford and Mr. Shinn (attached hereto as Exhibit A) (emphasis added).

[2] *See id.*

3

good faith, Mr. Shinn—as he has consistently done throughout these proceedings—chose the more vexatious path by filing the instant Motion.[3]

In any event, this branch of Mr. Shinn's Motion is now moot. On March 21, 2006, Cooper Tire duly submitted a Notice of Apparent Compliance to the Court. In its Notice, Cooper Tire stated that, although it has never had direct viewing access to Mr. Shinn's Yahoo! account and personal computer hard drive, Cooper Tire has no current basis to disagree with the Special Master's conclusions, as stated in its Final Report, regarding the disposition of Cooper Tire information therein. Although Cooper Tire believes that this separate Notice is merely duplicative of matters already addressed in the Special Master's Final Report, Cooper Tire submitted it in good faith in an effort to placate Mr. Shinn and to see this matter finally resolved. Accordingly, the Court should deny this branch of Mr. Shinn's Motion.

**B. Cooper Tire Has Presented No False Evidence To This Court.**

The second branch of Mr. Shinn's motion is also untimely and baseless. Mr. Shinn complains that, in various documents submitted to the Court in November and December 2005, Cooper Tire "presented false evidence" and/or "deliberately mislead [sic]" the Court about the amount of Cooper Tire information residing on his personal computer hard drive. Mr. Shinn

---

[3] Mr. Shinn's erratic and unprofessional behavior in this case, which already led to the Court's December 29, 2005 sanction order under 28 U.S.C. § 1927, has not entirely abated since that Order was issued. It manifested itself again during negotiations between the parties about the referenced agreed order that Cooper Tire had proposed to finally "wrap up" the litigation. When Cooper Tire first submitted a draft of the proposed agreed order to Mr. Shinn on February 10, 2006, Mr. Shinn did not even afford Cooper Tire the professional courtesy of a response until early March, 2006, more than three weeks after it was submitted to him. His first direct response to the proposed order was a March 2, 2006 e-mail, sent at 12:21pm, indicating that he did not agree to the proposed order at all, and that Cooper Tire should file a Motion to secure the relief sought therein. *See* Exhibit A, *supra* (12:21pm e-mail from Mr. Shinn to Mr. Trafford and Mr. Hughes). Just seven minutes later, however, Mr. Shinn sent another e-mail attaching proposed revisions to Cooper Tire's draft. *See* March 2, 2006 E-mail (12:28pm) from Mr. Shinn to Mr. Trafford and Mr. Hughes (attached hereto as Exhibit B).

4

claims that Cooper Tire overstated the quantity of Cooper Tire information on his computer in these briefs in an effort to avoid prior agreements about how to dispose of it, and to "impugn Defendant's credibility."[4] These assertions are just plain false.

For one, Cooper Tire simply has no need to present "false evidence" to the Court in order to impugn Mr. Shinn's credibility—Mr. Shinn's own behavior throughout this litigation has sufficed to do so in spades. As Judge Carr found after a six-hour hearing at which Mr. Shinn testified at length, for example:

> Shinn was not a credible witness. He was at various times equivocal and evasive, and his answers were often off-point and unpersuasively loquacious. His demeanor while testifying likewise did not instill confidence that he was testifying accurately.
> 
> ***
> 
> Shinn's persistent mis-characterization of the post-March 23rd negotiations casts a shadow over his credibility.
> 
> ***
> 
> * * * Shinn can misperceive, misconstrue, and misrepresent facts, and make allegations—including sometimes very serious allegations—without a basis for doing so.[5]

Moreover, Cooper Tire's statements in its court filings regarding the apparently significant amount of Cooper Tire information previously residing on Mr. Shinn's computer hard drive *were well-supported by the information available to Cooper Tire at the time those filings were submitted to the Court*. Because Mr. Shinn did not permit Cooper Tire to have direct viewing access to his hard drive at any point in these proceedings, Cooper Tire had to rely on keyword searches conducted by the Special Master to locate and identify files apparently relating to Cooper Tire for disposition pursuant to the parties' agreements and the Court's orders. To

---

[4] *See* Mr. Shinn's Motion, at ¶ 11.

[5] *See* December 6, 2005 Opinion by Judge Carr at 13, 14, and 18.

accomplish these searches. Cooper Tire provided comprehensive lists of search terms to the Special Master that related to, among other things, the names of Cooper Tire's counsel, the names of Cooper Tire's litigation databases, the party names of various Cooper Tire matters that Mr. Shinn worked on as its former counsel, and certain *confidential Cooper Tire documents that Mr. Shinn e-mailed to his personal Yahoo! account shortly after being removed from Cooper Tire matters.*

When the Special Master circulated its first Keyword Hits Report to the parties on August 23, 2005, that Report disclosed *many thousands* of "hits" on search terms far more specific to Cooper Tire and its confidential matters than the single generic "CT" search term that Mr. Shinn complains about in his Motion (a search term that—Mr. Shinn fails conveniently to note—Cooper Tire agreed to revise based on the Special Master's recommendation and the admittedly large number of mis-hits that resulted from the first, and subsequently revised, keyword search).[6] For example, the August 23 Report contained hundreds of hits on "Kline," the name of Cooper Tire's General Counsel, as well as dozens of hits on other Cooper Tire counsel's names and specific matter names that Mr. Shinn worked on during his former employment as outside counsel for Cooper Tire.

Even when the Special Master's Keyword Hits Report was revised and re-circulated on November 9, 2005 (shortly before the briefs that Mr. Shinn complains about were filed) to include only those "hits" on the *active* files of Mr. Shinn's hard drive, and to exclude "previously deleted" files that nevertheless remained on his hard drive,[7] the Report still showed many, many

---

[6] *See* August 23, 2005 Keyword Hits Report (attached hereto as Exhibit C).

[7] For technical reasons that the Court's Special Master would be better qualified to explain, files such as Microsoft Word documents that one "deletes" from a personal computer are, in most cases, not permanently deleted from the hard drive of the computer, and may be reconstituted with the use of certain data recovery software.

"hits" on many, many search terms far more specific to Cooper Tire than the single "CT" search term that Mr. Shinn complains about in his Motion.[8] In fact, Mr. Shinn himself suggested a *hard-drive replacement protocol* to dispose of the Cooper Tire information on his computer precisely because he thought that such a procedure would, in his own words, be less "burdensome" than identifying individual Cooper Tire files one-by-one for deletion.

Finally, even in late January 2006, only days before the Court's January 31 deadline, and *after* Mr. Shinn had supposedly removed all Cooper Tire information from a thumb drive containing the files he wished to retain on a replacement hard drive, Cooper Tire *still* identified a file (based on a "preview pane" from yet another keyword hits report) that, as the Special Master agreed, "*did happen to contain Cooper Tire information.*"[9] All of these facts suggest that Cooper Tire never improperly overstated the amount of Cooper Tire information on Mr. Shinn's computer. It was still being disposed of only days before the Court's deadline for doing so.

## III. CONCLUSION

For the reasons set forth above, this Court should deny the relief sought by Mr. Shinn in his latest vexatious filing. Instead, the Court should grant the relief sought by Cooper Tire in its March 21, 2006 Motion, which remains pending before the Court. Cooper Tire's March 21 Motion, unlike Mr. Shinn's latest filing, seeks an *appropriate* resolution to this matter in the form of a "wrap-up" Order (1) adopting and affirming the Special Master's Final Report; (2) continuing the seal in this case for a specified period; (3) vacating the sanctions ordered against Mr. Shinn, pending his compliance with the Court's permanent injunction; and (4) maintaining jurisdiction to enforce the Court's permanent injunction.

---

[8] *See* November 9 Keyword Hits Report (attached hereto as Exhibit D).

[9] *See* January 27, 2006 E-mail from the Special Master to the Parties (attached hereto as Exhibit E) (emphasis added).

DATED: March 21, 2006

Respectfully submitted,

*William M. Connelly* /tgl/
William M. Connelly (0031154)
Steven R. Smith (0031778)
Tammy G. Lavalette (0071533)
CONNELLY, JACKSON & COLLIER, LLP
405 Madison Avenue, Suite 1600
Toledo, OH 43604
Telephone: (419) 243-2100
Facsimile: (419) 243-7119
wconnell@cjc-law.com
ssmith@cjc-law.com
tlavalette@cjc-law.com

Robert W. Trafford (0024447)
Lawrence B. Hughes (0070997)
PORTER, WRIGHT, MORRIS & ARTHUR, LLP
41 South High Street
Columbus, OH 43215
Telephone: (614) 227-2000
Facsimile: (614) 227-2100
rtrafford@porterwright.com

*Counsel for Plaintiff*
Cooper Tire & Rubber Company

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing Opposition was served by regular U.S. mail, postage prepaid, this 21st day of March, 2006 upon the following:

Jason M. Shinn
24001 Country Squire Street, Apartment 206
Clinton Township, MI 48035
jmshinn@yahoo.com

*Defendant, Pro Se*

*Tammy Lavatett*
Counsel for Plaintiff

**Hughes, L. Bradfield**

From: Jason Shinn [jmshinn@yahoo.com]
Sent: Thursday, March 02, 2006 12:21 PM
To: Trafford, Robert W.; Hughes, L. Bradfield
Subject: RE: CT v Shinn: Case Under Seal

You may be right in regard to the special master's report but the Court's Order specifically requires CT to provide notice and, therefore, I believe it is best for CT to go ahead and file this.

I don't agree to the to proposed concluding order so you can go ahead and file that motion. At this point, I don't have an opinion with respect to sealing the case for 10 years. Although, the 3rd circuit just came out with an opinion that raises interesting issues. Whether Judge Katz cares to consider those issues is neither here nor there at this point.

The address where the documents were sent is the correct address. But, as I noted in my email, I was out of town and had made arrangements for my mail. But not fed-ex. Thus the failed delivery attempts.

What request for information are you referring to?

*"Trafford, Robert W." <RTrafford@porterwright.com>* wrote:

> Jason:
>   A motion will not be necessary. We thought the Special Master's Report, which covers this, would have sufficed, but we can put on something separately and will do so. We assumed you thought the same thing, or that you might have raised this earlier. Are you going to respond to our proposed concluding order, or do we need to file that motion?
>   With respect to the other materials, you were emailed two weeks ago with notice that the deliveries had been refused on 3 occasions and requesting that you provide alternative arrangements as to delivery. you did not respond. Because neither we nor the Court has a current address that works, and because you have not responded to requests for information, I'm not sure what else we could do. We will provide the materials promptly – once you tell us where to send them.
> Buzz

---

From: Jason Shinn [mailto:jmshinn@yahoo.com]
Sent: Thursday, March 02, 2006 9:26 AM
To: Hughes, L. Bradfield
Cc: Trafford, Robert W.
Subject: RE: CT v Shinn: Case Under Seal

Gentleman,

Cooper Tire has failed to comply with the Court's December 29, 2005 order, specifically subparagraph (4). Please advise me as to when CT will file the required notice. I would hope a motion to compel will not be necessary.

You can propose additional orders as your client sees fit. But as it stands now Cooper Tire has failed to comply with the one required notice. Thanks.

Additionally, the documents Connelly's office sent to me were sent the week I was out of town

3/20/2006

**EXHIBIT**
tabbies
A

and by fed-ex. I had no notice of when the documents would be sent and by the carrier. Consequently, I did not receive the documents and kindly request that they be resent. Thanks.

Sincerely,

Jason Shinn

**********Notice from Porter Wright Morris & Arthur LLP**********
This message may be protected by the attorney-client privilege. If you believe that it has been sent to you in error, do not read, print or forward it. Please reply to the sender that you have received the message in error. Then delete it. Thank you.

To comply with certain U.S. Treasury regulations, we inform you that any federal tax advice contained in this message, including attachments, is not a covered opinion as described in Treasury Department Circular 230 and therefore cannot be relied upon to avoid any tax penalties or to support the promotion or marketing of any federal tax transaction.
********************End of Notice********************

## Hughes, L. Bradfield

| | |
|---|---|
| From: | Jason Shinn [jmshinn@yahoo.com] |
| Sent: | Thursday, March 02, 2006 12:28 PM |
| To: | Trafford, Robert W.; Hughes, L. Bradfield |
| Subject: | RE: CT v Shinn: Case Under Seal |
| Attachments: | 625501199-COLUMBUS_1282990_v1_CT_v._Shinn_Wrap_Up_Agreed_Order.pdf |

Attached is a revision to your proposed order.

***"Trafford, Robert W." <RTrafford@porterwright.com>*** wrote:

Jason:

A motion will not be necessary. We thought the Special Master's Report, which covers this, would have sufficed, but we can put on something separately and will do so. We assumed you thought the same thing, or that you might have raised this earlier. Are you going to respond to our proposed concluding order, or do we need to file that motion?

With respect to the other materials, you were emailed two weeks ago with notice that the deliveries had been refused on 3 occasions and requesting that you provide alternative arrangements as to delivery. you did not respond. Because neither we nor the Court has a current address that works, and because you have not responded to requests for information, I'm not sure what else we could do. We will provide the materials promptly -- once you tell us where to send them.
Buzz

---

**From:** Jason Shinn [mailto:jmshinn@yahoo.com]
**Sent:** Thursday, March 02, 2006 9:26 AM
**To:** Hughes, L. Bradfield
**Cc:** Trafford, Robert W.
**Subject:** RE: CT v Shinn: Case Under Seal

Gentleman,

Cooper Tire has failed to comply with the Court's December 29, 2005 order, specifically subparagraph (4). Please advise me as to when CT will file the required notice. I would hope a motion to compel will not be necessary.

You can propose additional orders as your client sees fit. But as it stands now Cooper Tire has failed to comply with the one required notice. Thanks.

Additionally, the documents Connelly's office sent to me were sent the week I was out of town and by fed-ex. I had no notice of when the documents would be sent and by the carrier. Consequently, I did not receive the documents and kindly request that they be resent. Thanks.

Sincerely,

Jason Shinn

3/21/2006

EXHIBIT B

\*\*\*\*\*\*\*\*\*\*Notice from Porter Wright Morris & Arthur LLP\*\*\*\*\*\*\*\*\*\*
This message may be protected by the attorney-client privilege. If you believe that it has been sent to you in error, do not read, print or forward it. Please reply to the sender that you have received the message in error. Then delete it. Thank you.

To comply with certain U.S. Treasury regulations, we inform you that any federal tax advice contained in this message, including attachments, is not a covered opinion as described in Treasury Department Circular 230 and therefore cannot be relied upon to avoid any tax penalties or to support the promotion or marketing of any federal tax transaction.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*End of Notice\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# Kroll Ontrack™

Kroll Ontrack Confidential

Search Summary

| Hits | First Searched | Last Searched | Search Text |
|---|---|---|---|
| 206 | | 08/18/05 17:41:51 | Thacker |
| 7,327 | | 08/18/05 17:41:51 | JPT |
| 7,365 | | 08/18/05 17:41:51 | DRT |
| 6,317 | | 08/18/05 17:41:51 | Jay |
| 334 | | 08/18/05 17:41:51 | Kline |
| 3,283 | | 08/18/05 17:41:51 | Cooper |
| 1,931 | | 08/18/05 17:41:51 | Walinski |
| 576 | | 08/18/05 17:41:51 | Nelson |
| 328 | | 08/18/05 17:41:51 | Dane |
| 57 | | 08/18/05 17:41:51 | Gilmer |
| 18 | | 08/18/05 17:41:51 | Lockhart |
| 69 | | 08/18/05 17:41:51 | Tinsley |
| 73 | | 08/18/05 17:41:51 | McDonald |
| 18 | | 08/18/05 17:41:51 | McCracken |
| 12 | | 08/18/05 17:41:51 | Rudnicki |
| 0 | | 08/18/05 17:41:51 | Fernelius |
| 153 | | 08/18/05 17:41:51 | Valentine |
| 137 | | 08/18/05 17:41:51 | Zinz |
| 162 | | 08/18/05 17:41:51 | Salas |
| 8 | | 08/18/05 17:41:51 | Castillo |
| 30 | | 08/18/05 17:41:51 | Talalai |
| 4,572 | | 08/18/05 17:41:51 | Oats |
| 0 | | 08/18/05 17:41:51 | Fabbo |
| 79 | | 08/18/05 17:41:51 | Class Action |
| 5,494 | | 08/18/05 17:41:51 | Tire |
| 2,679,018 | | 08/18/05 17:41:51 | CT |
| 1,372,250 | | 08/18/05 17:41:51 | DR |
| 41 | | 08/18/05 17:41:51 | D.R. |
| 62 | | 08/18/05 17:41:51 | Disciplinary Rules |
| 179 | | 08/18/05 17:41:51 | FIOS |
| 28 | | 08/18/05 17:41:51 | Cleveland Repository |
| 29 | | 08/18/05 17:41:51 | Ringtail |
| 2,492,038 | | 08/18/05 17:41:51 | RT |
| 311 | | 08/18/05 17:41:51 | Sanctions |
| 14,025 | | 08/18/05 17:41:51 | Consumer |
| 2,544 | | 08/18/05 17:41:51 | Fraud |
| 58 | | 08/18/05 17:41:51 | Products Liability |
| 8 | | 08/18/05 17:41:51 | Report And Recommendations |
| 208 | | 08/18/05 17:41:51 | Ethics |
| 98 | | 08/18/05 17:41:51 | Ethical Violations |
| 905 | | 08/18/05 17:41:51 | Misconduct |
| 143 | | 08/18/05 17:41:51 | Professional Responsibility |
| 4,305 | | 08/18/05 17:41:51 | Discovery |



EXHIBIT C

# Kroll Ontrack™

| | | |
|---|---|---|
| 570 | 08/18/05 17:41:51 | Trade Secret |
| 0 | 08/18/05 17:41:51 | Sliming |
| 38 | 08/18/05 17:41:51 | White Paper |
| 9 | 08/18/05 17:41:51 | Carlson |
| 37 | 08/18/05 17:41:51 | Limine |
| 0 | 08/18/05 17:41:51 | Nylon Cap |
| 442 | 08/18/05 17:41:51 | Diary |
| 62 | 08/18/05 17:41:51 | Simmons |
| 80 | 08/18/05 17:41:51 | Cutaway |
| 0 | 08/18/05 17:41:51 | Production Protocol |
| 6 | 08/18/05 17:41:51 | NDC Staffing |
| 66 | 08/18/05 17:41:51 | E-media |

# Kroll Ontrack™

Kroll Ontrack Confidential

**Search Summary – Active Files**

| Hits | First Searched | Last Searched | Search Text |
|---|---|---|---|
| 74 | | 08/18/05 17:41:51 | Thacker |
| 4,635 | | 08/18/05 17:41:51 | JPT |
| 4,210 | | 08/18/05 17:41:51 | DRT |
| 3,732 | | 08/18/05 17:41:51 | Jay |
| 246 | | 08/18/05 17:41:51 | Kline |
| 2,345 | | 08/18/05 17:41:51 | Cooper |
| 1,446 | | 08/18/05 17:41:51 | Walinski |
| 408 | | 08/18/05 17:41:51 | Nelson |
| 254 | | 08/18/05 17:41:51 | Dane |
| 8 | | 08/18/05 17:41:51 | Gilmer |
| 14 | | 08/18/05 17:41:51 | Lockhart |
| 30 | | 08/18/05 17:41:51 | Tinsley |
| 52 | | 08/18/05 17:41:51 | McDonald |
| 4 | | 08/18/05 17:41:51 | McCracken |
| 8 | | 08/18/05 17:41:51 | Rudnicki |
| 0 | | 08/18/05 17:41:51 | Fernelius |
| 97 | | 08/18/05 17:41:51 | Valentine |
| 78 | | 08/18/05 17:41:51 | Zinz |
| 160 | | 08/18/05 17:41:51 | Salas |
| 6 | | 08/18/05 17:41:51 | Castillo |
| 14 | | 08/18/05 17:41:51 | Talalai |
| 2,527 | | 08/18/05 17:41:51 | Oats |
| 0 | | 08/18/05 17:41:51 | Fabbo |
| 36 | | 08/18/05 17:41:51 | Class Action |
| 3,821 | | 08/18/05 17:41:51 | Tire |
| 1,786,182 | | 08/18/05 17:41:51 | CT |
| 804,661 | | 08/18/05 17:41:51 | DR |
| 19 | | 08/18/05 17:41:51 | D.R. |
| 31 | | 08/18/05 17:41:51 | Disciplinary Rules |
| 93 | | 08/18/05 17:41:51 | FIOS |
| 14 | | 08/18/05 17:41:51 | Cleveland Repository |
| 26 | | 08/18/05 17:41:51 | Ringtail |
| 1,589,767 | | 08/18/05 17:41:51 | RT |
| 151 | | 08/18/05 17:41:51 | Sanctions |
| 8,272 | | 08/18/05 17:41:51 | Consumer |
| 927 | | 08/18/05 17:41:51 | Fraud |
| 18 | | 08/18/05 17:41:51 | Products Liability |
| 4 | | 08/18/05 17:41:51 | Report And Recommendations |
| 101 | | 08/18/05 17:41:51 | Ethics |
| 55 | | 08/18/05 17:41:51 | Ethical Violations |
| 435 | | 08/18/05 17:41:51 | Misconduct |
| 72 | | 08/18/05 17:41:51 | Professional Responsibility |
| 2,000 | | 08/18/05 17:41:51 | Discovery |

EXHIBIT D

# Kroll Ontrack™

Kroll Ontrack Confidential

| | | |
|---|---|---|
| 298 | 08/18/05 17:41:51 | Trade Secret |
| 0 | 08/18/05 17:41:51 | Sliming |
| 19 | 08/18/05 17:41:51 | White Paper |
| 7 | 08/18/05 17:41:51 | Carlson |
| 30 | 08/18/05 17:41:51 | Limine |
| 0 | 08/18/05 17:41:51 | Nylon Cap |
| 260 | 08/18/05 17:41:51 | Diary |
| 28 | 08/18/05 17:41:51 | Simmons |
| 66 | 08/18/05 17:41:51 | Cutaway |
| 0 | 08/18/05 17:41:51 | Production Protocol |
| 6 | 08/18/05 17:41:51 | NDC Staffing |
| 35 | 08/18/05 17:41:51 | E-media |
| 1,132 | 11/08/05 12:25:04 | CT |
| 190 | 11/08/05 12:25:04 | DR |
| 2 | 11/08/05 12:25:04 | D.R. |
| 318 | 11/08/05 12:25:04 | RT |

## Hughes, L. Bradfield

| From: | NLindall@ontrack.com |
| --- | --- |
| Sent: | Friday, January 27, 2006 3:44 PM |
| To: | Trafford, Robert W.; Hughes, L. Bradfield; jmshinn@yahoo.com |
| Cc: | wconnell@cjc-law.com; tlavalette@cjc-law.com; MDeLaCruz@KrollOntrack.com |
| Subject: | Identified hits |
| Importance: | High |
| Attachments: | Lindall, Nathan.vcf |

Gentlemen,

I just wanted to follow up with you in regards to the identified hits. Hit number 319 did happen to contain Cooper Tire information. We have removed this file and placed this file on the output data which will go on cd into trust. The remainder of the files are being placed back onto the perspective thumb drives. Please let me know as soon as you have a finalized draft for the paperwork for approval.

Regards,

Nate

***Nate Lindall***
Computer Forensics Business Development Representative
Legal Technologies
Kroll Ontrack
8995 Columbine Road
Eden Prairie, MN 55347
Phone: (952) 906-4834| Fax: 952-974-4516
(800) 347-6105 ext. 4834| Cell: 952-239-7954

**CONFIDENTIALITY NOTICE**
The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privilege, or constitute non-public information. It is intended to be sent only to the recipient(s) named above. If you are not an intended recipient of this message, please notify the sender by replying to this message and then deleting it from your system. Use, dissemination, distribution, or reproduction of this message by an unintended recipient is not authorized and may be unlawful.

2/6/2006

**EXHIBIT E**