FILED UNDER SEAL
PURSUANT TO ORDER SEALING RECORD
DATED FEBRUARY 24, 2005

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **CASE UNDER SEAL** | Case No. 3:05CV7063 |
| Cooper Tire & Rubber Co., | |
| Plaintiff, | JUDGE KATZ |
| vs. | |
| Jason M. Shinn, | |
| Defendant. | |

**UNDER SEAL**

## ORDER

This matter came before the Court upon the motion of Plaintiff, Cooper Tire and Rubber Co., for an order accepting the Final Report of the Special Master, continuing the seal in this matter, providing for the disposition of exhibits under seal, and retaining jurisdiction to enforce the terms of the Court's prior orders entered herein. The Court hereby FINDS Plaintiffs motion to be well taken and ORDERS as follows:

(1) That the Special Master has completed the agreed-to inspection of Defendant's Yahoo! e-mail account and electronic storage media for the presence of certain information relating to Plaintiff. The Court further finds that, as described in the Final Report of the Special Master ("Final Report"), submitted to this Court on January 30, 2006, certain information relating to Plaintiff was removed from Defendant's Yahoo! e-mail account and electronic storage

media by the Special Master and secured in a custodial account at National City Bank in Toledo, Ohio. In its Final Report, the Special Master stated that, to the best of its knowledge, no e-mails or files containing information regarding Cooper Tire remained accessible to Mr. Shinn on his Yahoo! e-mail account and electronic storage media. (Final Report at ¶¶ 1-2). Neither party has objected to the Special Master's Final Report. The Court hereby ADOPTS and AFFIRMS the Special Master's Final Report pursuant to Fed. R. Civ. P. 53(g).

(2) That pursuant to Local Rule 5.2, the seal entered by this Court on February 24, 2005 should be continued for a period of ten years from the date of this Order (which corresponds closely to the time period previously agreed to by the parties for the custodial account at National City Bank). The Court finds that all documents and testimony currently maintained under seal by the Court were properly filed under seal pursuant to the Court's February 24 Order, that good cause exists for continuing the seal, and that the interests in support of continuing the seal significantly outweigh any potential countervailing interests in support of unsealing the record at this time.

Accordingly, it is hereby ORDERED that, pursuant to Local Rule 5.2, the seal in this case shall be continued for ten years from the date of this Order, or until further Order of the Court (upon motion by a party, after notice and an opportunity to be heard). Any future motions or other submissions by the parties regarding (a) compliance with the Court's permanent injunction; (b) compliance with the parties' prior agreements; (c) the instant Order; or, (d) any other matter subject to this action shall be filed under seal unless and until the Court lifts the seal.

To the extent either party seeks a future ruling regarding whether or not a particular item or matter is subject to the permanent injunction entered herein, that party shall file a sealed motion with the Court seeking such a ruling.

When the ten-year seal has expired, it is hereby ORDERED that the Court shall (a) deliver each sealed exhibit in the Court's file to Cooper Tire; (b) unseal the Court's docket entries for public inspection; and, (c) unseal specific pleadings, orders, and testimony reflected in the docket only upon written request to the Court, with notice and an opportunity to be heard by both parties.

(3) On March 21, 2006, pursuant to Paragraph (4) of this Court's Order of December 29, 2005 ("December Order"), Cooper Tire notified the Court that, as previously set forth in the Final Report of the Special Master, submitted on January 30, 2006, and to the best of Cooper Tire's knowledge, Defendant has complied with Paragraphs (2) and (3) of the December Order within the time period established by the Court. Accordingly, as further set forth in the December Order, the Court hereby VACATES its award of sanctions under 28 U.S.C. § 1927, and treats same as if never entered, "except that, *** if Defendant violates [the permanent injunction set forth in Paragraph (1) of the December Order], then, upon motion by Cooper Tire and proof that the injunction has been violated, the Court will immediately reimpose the sanctions *** and shall consider such other relief as may be appropriate under the circumstances." (December Order at Paragraph [4]).

(4) It is further ORDERED that the Court retains jurisdiction in this matter to enforce and/or modify its Order of December 29, 2005, the permanent injunction set forth therein, the instant Order, as well as all other Orders of the Court and agreements of the parties in this case.

SO ORDERED

SIGNED and ENTERED this 27tth day of March, 2006.

s/ DAVID A. KATZ
UNITED STATES DISTRICT JUDGE