UNDER SEAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

COOPER TIRE & RUBBER CO.,

                Plaintiff,                Case No. 3:05 CV 7063

-vs-

                                      O R D E R

JASON M. SHINN,

                Defendant.

KATZ, J.

       This matter is before the Court on Defendant's motion to find Plaintiff in violation of the Court's December 29, 2005, order and to find Plaintiff presented false information to the Court (Doc. No. 56), to which Plaintiff has responded (Doc. No. 59). Defendant's motion is denied.

       Defendant first asks the Court to find Plaintiff violated the Court's December 29, 2005, order, which required Plaintiff to advise the Court by January 31, 2006, as to whether Defendant had complied with certain provisions of the order. However, the Special Master's report, filed on February 1, 2006, sufficed to inform the Court that Defendant had complied with paragraphs 2 and 3 of the December 29, 2005, order. Moreover, Plaintiff has now filed an additional Notice of Apparent Compliance (Doc. No. 58), certifying that it has no reason to believe Defendant has not complied. Defendant's motion on this matter is therefore moot, in any event.

       Defendant next asks the Court to determine that he has complied with the Court's December 29, 2005, order. This request is moot: the Court has adopted and affirmed the Special Master's report, in a separate order (Doc. No. 60). The Court therefore declines to rule further.

       Defendant also asks the Court to make Plaintiff pay him $225, representing one-and-a-half hours of his time at $150 per hour, for the time required "to obtain Cooper Tire's compliance with

its preexisting obligations under the December 29 Order." However, the Court finds Defendant's expenditure unreasonable, given the Special Master's February 1, 2006, report detailing Defendant's compliance with the December 29, 2005, order. Moreover, the Court finds Plaintiff operated under the legitimate belief that all parties agreed that the Special Master's report sufficed to satisfy this Court's order, and did not act in bad faith.

Finally, Defendant claims Plaintiff misrepresented to the Court that Defendant's hard drive contained substantially more documents related to Plaintiff than Defendant had previously disclosed. Defendant wants the Court to make Plaintiff apologize and retract its statements. However, as Plaintiff points out, its statements were based on the information available at the time, based on keyword searches of Defendant's files. That information included the fact that certain keywords specific to Plaintiff had generated hundreds of hits within Defendant's files. Defendant has not shown Plaintiff's statements were made in bad faith.

For the foregoing reasons, Defendant's motion to find Plaintiff in violation of this Court's December 29, 2005 order and to find Plaintiff presented false information to the Court (Doc. No. 56) is denied. The Court considers this case closed, except that the Court will retain jurisdiction as stated in the prior order adopting the Special Master's report (Doc. No. 60). No further filings will be accepted except as outlined in that order and this Court's prior orders.

IT IS SO ORDERED.

_____
DAVID A. KATZ
SENIOR U. S. DISTRICT JUDGE